IN THE UNITED STATES DISTRICT COURT~~RECEIVED~~
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2007 NOV 21  A 9: 53

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| ROBERT F. FRITZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| ELECTRIC INSURANCE COMPANY | ) | 1:07CV1030 - MEF |
| | ) | |
| DEFENDANT. | ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Electric Insurance Company, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, gives notice of the removal of this action from the Circuit Court of Houston County, Alabama, to the United Stated District Court for the Middle District of Alabama, Southern Division.    As grounds for said removal, Defendant states as follows:

### DIVERSITY JURISDICTION

1.    This case was filed on October 25, 2007 in the Circuit Court of Houston County, Alabama bearing Civil Action No.: CV-2007-900124.   In his Complaint, Plaintiff Robert Fritz asserts a claim for payment of uninsured motorist benefits.

2.    At the time of the commencement of this action, and at all times subsequent thereto, Plaintiff was and remains a citizen of the State of Alabama.

3.    At the time of the commencement of this action, and at all times subsequent thereto, Defendant is a company organized and existing under the laws of Massachusetts with its principle place of business in Beverly, Massachusetts.

4.    Therefore, complete diversity of citizenship exists between the parties named and served in this action pursuant to 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

5.    The Plaintiff's claim arises as a result of Plaintiff's automobile accident which occurred on September 13, 2000 and involved uninsured motorist, William A. Andrews.  Plaintiff claims Electric Insurance Company issued a policy of automobile insurance to the Plaintiff which was in effect on the date of the accident and included underinsured motorist coverage.  [See Court file attached hereto as "Exhibit 1"]. Although the Plaintiff claims he insured three vehicles under the policy, the policy's declarations page attached reveals only two of Plaintiff's vehicles were named.  [See Declarations Page attached as Exhibit 2].  The Plaintiff alleges the policy provided for coverage of $50,000.00 per vehicle, with a total coverage of $150,000.00 for three vehicles.  However, as only two vehicles were named, Defendant asserts the policy allowed for a total recovery of $100,000.00.

6.    Plaintiff also alleges in his Complaint that Defendant formally consented

to the acceptance of all available insurance limits available to William A. Andrews under the policy at issue. Plaintiff accepted the tendered limits available, and settled a lawsuit numbered CV-2002-659 naming Andrews as the defendant. Plaintiff claims no release was executed on behalf of either Andrews or Electric Insurance Company as a result of that settlement.

7.    Plaintiff contends that, as a result of Defendant's failure to pay benefits pursuant to the policy, he is entitled to $150,000.00 in damages plus costs and attorney's fees. [Exhibit 1]. Because the policy names two rather than three vehicles with $50,000.00 coverage per vehicle, his policy would allow for recovery of $100,000.00.

8.    Defendant has satisfied the amount in controversy requirement in this action when Plaintiff's policy allows for recovery of $50,000.00 per vehicle, or a total of $100,000.00 for the two vehicles insured. Plaintiff himself states in the Complaint that he is owed $150,000.00. As further evidence that Defendant has met the jurisdictional prerequisite, upon information and belief, Plaintiff's medical expenses will exceed $75,000.00.

## THE ACTION

9.    Attached hereto are true and correct copies of the original pleadings in this action which were filed on October 18, 2007, in the Circuit Court of Houston County,

Alabama bearing Civil Action No.: CV-900124, and which constitute all pleadings and process served in that civil action. [Exhibit 1].

10.    A Notice of Filing Notice of Removal, with a copy of this Notice of Removal, is being filed with the Clerk of the Circuit Court of Houston County, Alabama. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

## TIMELINESS OF FILING

11.    The Summons and Complaint were served on Defendant Electric Insurance Company by certified mail on October 26, 2007. This removal is timely because it is filed within thirty (30) days after receipt by service of the Summons and Complaint on Defendant. See 28 U.S.C. § 1446(b).

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

12.    Defendant has sought no similar relief with respect to this matter.

13.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14.    The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District of Alabama.

4

15.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, PREMISES CONSIDERED,  Defendant gives notice that this action now pending against it in the Circuit Court of Houston County, Alabama,  is removed therefrom to this Court.

Respectfully Submitted,

_____
ALLAN SIDNEY JONES (ASB-4458-E37A)
ELIZABETH J. KANTER (ASB-0898-L75J)
Attorneys for Defendant

**OF COUNSEL**:

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record either by electronic means and/or by placing same in the United States Mail, properly addressed and first class postage prepaid, on the 20th day of November, 2007.

Blaine C. Stevens, Esq.
Strickland & Kendall, LLC
2740 Zelda Road, Suite 500
Montgomery, Alabama 36106

John Maddox, Esq.
Nomberg & Maddox, P.C.
2236 Montgomery Highway
Dothan, AL 36303

OF COUNSEL

6

# Exhibit 1

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>38-CV-200<br>Date of Filing:<br>10/18/2007 | ELECTRONICALLY FILED<br>10/18/2007 1:57 PM<br>CV-2007-900124.00<br>CIRCUIT COURT OF<br>HOUSTON COUNTY, ALABAMA<br>CARLA H. WOODALL, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT OF HOUSTON COUNTY, ALABAMA

ROBERT FRITZ v. ELECTRIC INSURANCE COMPANY

First Plaintiff: ☐ Business  ☑ Individual    First Defendant: ☑ Business  ☐ Individual
             ☐ Government ☐ Other                      ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:   BREACH

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
         Appeal/Enforcement of Agency Subpoena/Petition to
         Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory
         Judgment/Injunction Election Contest/Quiet Title/Sale For
         Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

ORIGIN:   F ☑ INITIAL FILING      A ☐ APPEAL FROM        O ☐ OTHER
                                       DISTRICT COURT

          R ☐ REMANDED            T ☐ TRANSFERRED FROM   _____
                                       OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?   ☑ Yes  ☐ No

RELIEF REQUESTED:   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:   STE091      10/18/2007 1:55:52 PM        /s BLAINE STEVENS

MEDIATION REQUESTED:      ☐ Yes  ☐ No  ☑ Undecided

*—Beth—*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>38-CV-2007-900124.00 *H* |
|---|---|---|

### IN THE CIVIL COURT OF HOUSTON, ALABAMA
### ROBERT FRITZ v. ELECTRIC INSURANCE COMPANY

**NOTICE TO**   ELECTRIC INSURANCE COMPANY, 75 SAM FONZO DRIVE, BEVERLY MA, 01915

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BLAINE STEVENS

WHOSE ADDRESS IS P.O. BOX 99, MONTGOMERY AL, 36101

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  ROBERT FRITZ
   pursuant to the Alabama Rules of the Civil Procedure

| 10/18/2007 1:57:05 PM | /s CARLA H. WOODALL | *CB* |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s BLAINE STEVENS

                                  Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date                              Server's Signature

RECEIVED

OCT 2 9 2007

BY: _____

ELECTRONICALLY FILED
10/18/2007 1:57 PM
CV-2007-900124.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

### IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| ROBERT FRITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) CIVIL ACTION:  CV 2007-_____ |
| | ) |
| ELECTRIC INSURANCE CO., | ) *JURY TRIAL DEMANDED* |
| | ) |
| Defendant. | ) |

### COMPLAINT

1.     Plaintiff Robert Fritz is a an adult citizen of the State of Alabama residing in Houston County, Alabama and is over the age of 21 years.

2.     Defendant Electric Insurance Company is believed to be a foreign corporation with its principal place of business located in Beverly, Massachusetts.

3.     Plaintiff was insured under a policy of automobile insurance issued by Electric Insurance on or about September 13, 2000.

4.     The policy of automobile insurance at issue issued by Electric Insurance Company, policy number 6121955A1 was in full force and effect on or about September 13, 2000.

5.     On or about September 13, 2000, plaintiff Robert Fritz was involved in an automobile accident with William A. Andrews, an underinsured motorist.

6.     A dispute has arisen between Plaintiff and Defendant Electric Insurance Company as to the payment of Underinsured Motorist benefits pursuant to Alabama law in connection with the above named policy of insurance.

### STATEMENT OF FACTS

7.     The policy of insurance at issue provides for coverage for underinsured motorist coverage.

8.    Plaintiff had three covered vehicles under the named policy of insurance: a Chevrolet S-10 pickup; a Buick LeSabre sedan; and a Chevrolet Astro coupe.

9.    The policy further provided coverage of $50,000.00 per covered vehicle, thus, allowing a total of $150,000.00 in potential underinsured motorist benefits to plaintiff Fritz.

10.    On or about March 28, 2003, Electric Insurance Company formally consented to the acceptance of all available insurance limits available to William A. Andrews, an uninsured motorist pursuant to the definitions of the Electric Insurance Company policy at issue in this matter.

11.    Pursuant to the stipulation and permission of Electric Insurance Company, plaintiff Fritz accepted the tendered insurance limits available to William A. Andrews and eventually settled a lawsuit, CV-02-659, naming Andrews as a defendant.  No release was ever executed in favor of Andrews or in favor of Electric Insurance Company.

12.    Plaintiff avers that the damages he has suffered are in excess of the applicable limits available to the tortfeasor, William A. Andrews, and that he is now entitled to payment under the "Uninsured Motorist" coverage provided in the Electric Insurance Company policy of insurance named hereinabove.

## COUNT ONE

13.    Plaintiff is an insured under a policy of insurance issued by defendant Electric Insurance.

14.    Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

15.    Plaintiff demands payment pursuant to the "Uninsured Motorist" coverage provided as part of policy of insurance No. 6121955A1 issued by defendant Electric Insurance Company.

16.    Defendant has refused to pay benefits pursuant to said policy and is in breach of the provisions thereof.

2

**WHEREFORE**, Plaintiff demands that a jury award $150,000.00 as compensation due under the policy of insurance at issue, plus his costs, and attorneys fees in this matter.

/s/ Blaine C.Stevens
**BLAINE C. STEVENS (STE091)**
Attorney for Plaintiff

**OF COUNSEL:**
Strickland & Kendall, LLC
2740 Zelda Rd., Ste 500 (36106)
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

3

ELECTRONICALLY FILED
10/25/2007 1:26 PM
CV-2007-900124.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

### IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERT F. FRITZ, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | Case No.: CV-2007-900124 |
| | * | |
| ELECTRIC INSURANCE COMPANY, | * | |
| | * | |
| **Defendant.** | * | |

### NOTICE OF APPEARANCE

COMES NOW the undersigned, John M. Maddox, and enters his appearance as co-counsel of record for the Plaintiff, Robert F. Fritz, in the above referenced cause.


s/ John M. Maddox_____
JOHN M. MADDOX
Attorney for Plaintiff


OF COUNSEL:

NOMBERG & MADDOX, P.C.
2236 Montgomery Highway
Dothan, Alabama 36303
Telephone:  (334) 793-6493
Fax: (334-677-4650
Email: jmaddox@nombergmaddox.com


### CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2007, I electronically filed the foregoing with the Clerk of the Court, using the AlaFile system which will send notification and service of the filing to the following registered persons and that those not registered with the AlaFile system were served by United States Mail on the same date; to-wit:

Electric Insurance Company
75 Sam Fonzo Drive
Beverly, MA 01915


s/ John M. Maddox_____
Of Counsel

ELECTRONICALLY FILED
11/14/2007 2:26 PM
CV-2007-900124.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERT FRITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | CV-2007-900124.00 |
| | ) | |
| ELECTRIC INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

---

### NOTICE OF APPEARANCE

---

COMES NOW Allan Sidney Jones and Elizabeth J. Kanter of Carr, Allison, Pugh,

Howard, Oliver & Sisson, 100 Vestavia Parkway, Birmingham, Alabama 35216, and Eric M. Wade

of Carr, Allison, Pugh, Howard, Oliver & Sisson, 256 Honeysuckle Road - Suite 6, Dothan, Alabama

36305 and file their Notice of Appearance as counsel for Defendant, Electric Insurance Co. in the

above styled case.


/s/ *Allan Sidney Jones*
_____
ALLAN SIDNEY JONES (JON120)
ELIZABETH J. KANTER (JAC084)
ERIC M. WADE (WAD019)
Attorneys for Electric Insurance Co.


OF COUNSEL:

CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: 205-822-2006
Facsimile: 205-822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 14th day of November, 2007:

Blaine C. Stevens
Strickland & Kendall, LLC
2740 Zelda Road, Suite 500
Montgomery, Alabama 36106

/s/ *Allan Sidney Jones*
Of Counsel

ELECTRONICALLY FILED
11/14/2007 2:30 PM
CV-2007-900124.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERT FRITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | CV-2007-900124.00 |
| | ) | |
| ELECTRIC INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW ELECTRIC INSURANCE CO., ("Electric Insurance"), and in answer to the Plaintiff's Complaint, states as follows:

1.  Electric Insurance admits the allegations contained in paragraph 1 of the Complaint.

2.  Electric Insurance admits the allegations contained in paragraph 2 of the Complaint.

3.  Electric Insurance admits the allegations contained in paragraph 3 of the Complaint.

4.  Electric Insurance admits the allegations contained in paragraph 4 of the Complaint.

5.  Electric Insurance admits the allegations contained in paragraph 5 of the Complaint.

6.  The allegations in paragraph 6 do not state a claim or cause of action against Defendants.  To the extent the allegations do in fact state a claim or cause of action against Defendants, these allegations are denied and Defendants demand strict proof thereof.

### STATEMENT OF FACTS

7.  Electric Insurance admits the allegations contained in paragraph 7 of the Complaint.

8.  Electric Insurance is without sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint.

9.  Electric Insurance is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint.

10.    Electric Insurance denies the allegations contained within paragraph 10 of the plaintiff's Complaint and demands strict proof thereof.

11.    Electric Insurance denies the allegations contained within paragraph 11 of the plaintiff's Complaint and demands strict proof thereof.

12.    Electric Insurance denies the allegations contained within paragraph 12 of the plaintiff's Complaint and demands strict proof thereof.

## COUNT ONE

13.    Electric Insurance admits the allegations contained in paragraph 13 of the Complaint.

14.    Defendants repeat and reiterate their answers to each and every allegation contained in paragraphs 1-13 of the Complaint as if restated at length herein.

15.    Electric Insurance denies the allegations contained within paragraph 15 of the plaintiff's Complaint and demands strict proof thereof.

16.    Electric Insurance denies the allegations contained within paragraph 16 of the plaintiff's Complaint and demands strict proof thereof.

WHEREFORE, premises considered, Defendant Electric Insurance demands judgment in its favor with costs taxed against Plaintiff.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint does not state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Defendant denies each and every material allegation contained the Plaintiff's Complaint.

## THIRD DEFENSE

Defendant avers improper venue and/or forum non conveniens.

2

**FOURTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTH DEFENSE**

Defendant avers that on the occasion of the accident made the basis of this suit, the Plaintiff was guilty of negligence which proximately contributed to cause the accident and subsequent injuries.

**SIXTH DEFENSE**

The Defendant pleads sudden emergency.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by contributory negligence and/or assumption of the risk.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by contributory negligence per se.

**NINTH DEFENSE**

_____Plaintiff's injuries were not the result of any acts or omissions of the Defendant, but were the result of acts or omissions of other persons.

**TENTH DEFENSE**

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged conduct of the Defendant and the Plaintiff's injuries.

**ELEVENTH DEFENSE**

Defendant denies that it was guilty of any conduct or inaction which proximately caused or contributed to the cause of Plaintiff's injuries and damages.

**TWELFTH DEFENSE**

Some or all of the Plaintiff's claims are barred by the doctrine of res judicata.

3

## THIRTEENTH DEFENSE

Plaintiff lacks standing and is not the proper party to prosecute this action.

## FOURTEENTH DEFENSE

Defendant breached no duty owed to the plaintiff.

## FIFTEENTH DEFENSE

Plaintiff failed to mitigate his damages.

## SIXTEENTH DEFENSE

Defendant pleads intervening/superceding cause.

## SEVENTEENTH DEFENSE

Defendant alleges payment from a collateral source.

## EIGHTEENTH DEFENSE

The claims contained in the Complaint, which seek the recovery of punitive damages, under present Alabama law, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds:

(a) it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgment against multiple Defendants for different alleged acts of wrongdoing, which infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

© the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against these Defendants, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g) the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in the violation of the Eighth Amendment of the United States Constitution.

**NINETEENTH DEFENSE**

The recovery of punitive damages by Plaintiffs in this action would violate the Due Process Clause of Article One, Section Six of the Constitution of Alabama on the following grounds:

(a) it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants;

© the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(e) the award of punitive damages in this case would constitute a deprivation of property

5

without due process; and

(f) the procedures pursuant to which punitive damages are awarded may result in the award of a joint and several judgment against multiple Defendants for different alleged acts of wrongdoing, which infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

### TWENTIETH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIRST DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article One, Section Sixteen of the Constitution of Alabama.

### TWENTY-SECOND DEFENSE

Defendant avers that to the extent Plaintiff's Complaint seeks punitive damages, Alabama Code. §§ 6-11-20; 6-11-23(a) and 6-11-24 apply.

### TWENTY-THIRD DEFENSE

Defendant reserves the right to amend this Answer until all discovery in this case has been completed.

Respectfully submitted,

/s/ *Allan Sidney Jones*

ALLAN SIDNEY JONES (JON120)
ELIZABETH J. KANTER (JAC084)
ERIC M. WADE (WAD019)
Attorneys for Electric Insurance Co.

6

OF COUNSEL:

CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: 205-822-2006
Facsimile: 205-822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 14th day of November, 2007:

Blaine C. Stevens
Strickland & Kendall, LLC
2740 Zelda Road, Suite 500
Montgomery, Alabama 36106

/s/ *Allan Sidney Jones*

Of Counsel

7

ELECTRONICALLY FILED
11/14/2007 2:36 PM
CV-2007-900124.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERT FRITZ, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | **CV-2007-900124.00** |
| | ) | |
| ELECTRIC INSURANCE CO., | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Circuit Court Clerk
       Houston County Circuit Court

PLEASE TAKE NOTICE that the following discovery documents have been served on all counsel of record on behalf of the defendant.

| | |
|---|---|
| ( XX ) | Interrogatories to Plaintiff |
| (    ) | Answers to Interrogatories |
| ( XX ) | Request for Production to Plaintiff |
| (    ) | Response to Request for Production |
| (    ) | Request for Admissions |
| (    ) | Response to Request for Admissions |
| (    ) | Notice of Intent to Serve Subpoena |
| (    ) | Notice of Deposition of _____ |

/s/ *Allan Sidney Jones*

ALLAN SIDNEY JONES (JON120)
ELIZABETH J. KANTER (JAC084)
ERIC M. WADE (WAD019)
Attorneys for Electric Insurance Co.

OF COUNSEL:

CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: 205-822-2006
Facsimile: 205-822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 14th day of November, 2007:

Blaine C. Stevens
Strickland & Kendall, LLC
2740 Zelda Road, Suite 500
Montgomery, Alabama 36106

/s/ *Allan Sidney Jones*
Of Counsel

ELECTRONICALLY FILED
11/14/2007 2:36 PM
CV-2007-900124.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERT FRITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | CV-2007-900124.00 |
| | ) | |
| ELECTRIC INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANTS ELECTRIC INSURANCE CO.'S CONTENTION INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

COMES NOW the Defendant Electric Insurance Co. ("Electric Insurance"), and propounds to Plaintiff Robert Fritz the following Contention Interrogatories and Requests for Production of Documents:

### INSTRUCTIONS

1.     In answering these Interrogatories and Requests for Production, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2.     If any information called for by an Interrogatory or Request for Production is withheld because you claimed such information is contained in a privileged document,  for each such document state the following:

      (a)     its date and type ( e.g. letter, memorandum, etc);

      (b)     its author;

      ©     to whom addressed;

1

    (d)     all copy addressees;

    (e)     all other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

    (f)     the description of the subject matter discussed, described, referred to therein;

    (g)     the specific reasons why you claim it is privileged; and

    (h)     the name of its present custodian.

3.     In addition to the instructions pertaining to the Interrogatory or Request for Production, if the Plaintiff chooses to attach documents in lieu of an answer to a specific Interrogatory, Defendant requests that each document be segregated, organized, identified and specified with respect to the particular numbered request and response to which the documents are being produced.

## DEFINITIONS

1.     "Plaintiff", "You", or "Yours" means the named Plaintiff (Robert Fritz) in this case, including agents, attorneys or any other persons acting or purporting to act on behalf of said Plaintiff.

2.     "Identify" or "Identification" shall mean:

    (a)     when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

    (b)     when used in reference to a business entity, the entity's name and address, its principle place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

    ©     when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof,

2

the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

3.    "Specify in all possible detail" means to describe completely and accurately the subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

4.    Plural words include the singular equivalent, and singular words include the plural equivalent.

5.    "And" includes the disjunctive "or", and "or" includes the conjunctive "and".

### DUTY OF SUPPLEMENT

You are under a duty seasonally to supplement, update and amend your responses and answers to the following discovery in the following categories:

(A)    Any request or question directly addressed to:

    (1)    the identity and location of persons having knowledge of discoverable matters, and

    (2)    the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(B)    Any response or answer to questions or requests, if you obtain information upon the basis of which:

    (1)    you know that the prior response was incorrect when made, or

    (2)    you know that the response when made is no longer true and the circumstances are such tat a failure to amend the response is in substance of knowing concealment.

3

**INTERROGATORIES**

1.  Identify yourself, giving name, address, birth date, social security number, and place of employment.

2.  Identify each and every communication or transaction you have had with any Defendant or employee, representative, and/or agent of any Defendant, and identify each employee, representative, and/or agent of any Defendant with whom you have had each such communication or transaction, and for each communication or transaction state the date when the communication or transaction took place, and the substance of the communication or transaction.

3.  Identify and describe every fact, statement and document upon which you rely to support the contention in your Complaint that you had "three covered vehicles under the named policy of insurance: a Chevrolet S-10 pickup; a Buick LeSabre sedan; and a Chevrolet Astro coupe."

4.  Identify and describe every fact, statement and document upon which you rely to support the contention in your Complaint that "the policy further provided coverage of $50,000.00 per covered vehicle, thus, allowing a total of $150,000.00 in potential underinsured motorist benefits to plaintiff Fritz."

5.  Identify and describe every fact, statement and document upon which you rely to support the contention in your Complaint that "On or about March 28, 2003, Electric Insurance Company formally consented to the acceptance of all available insurance limits available to William A. Andrews ("Andrews"), an uninsured motorist pursuant to the definitions of the Electric Insurance Company policy at issue in this matter".

6.  Identify and describe every fact, statement and document upon which you rely to support the contention in your Complaint that "Pursuant to the stipulation and permission of Electric Insurance Company, plaintiff Fritz accepted the tendered

4

insurance limits available to William A. Andrews and eventually settled a lawsuit, CV-02-659, naming Andrews as a defendant. No release was ever executed in favor of Andrews or in favor of Electric Insurance Company."

7.    Identify and describe every fact, statement and document upon which you rely to support the contention in your Complaint that "the damages he [plaintiff] has suffered are in excess of the applicable limits available to the tortfeasor, William A. Andrews, and that he is now entitled to payment under the "uninsured Motorist" coverage provided in the Electric Insurance Company policy of insurance."

8.    Identify and describe every fact, statement and document upon which you rely to support the contention in your Complaint that "plaintiff is an insured under a policy of insurance issued by defendant."

9.    Identify and describe every fact, statement and document upon which you rely to support the contention in your Complaint that "Defendant has refused to pay benefits pursuant to said policy an dis in breach of the provisions thereof."

10.    State fully the purpose of the trip that you were making in your vehicle at the time of the alleged accident, including in your answer the place from which you had left and the place to which you were going.

11.    Describe each and every skid mark or tire mark which you contend were placed by any of the vehicles involved in this accident.

12.    State your best judgment of the speed in miles per hour of your vehicle on the occasion of said accident during the course of its last two hundred (200) feet of travel prior to impact.

13.    State your best judgment of the speed in miles per hour of the vehicle you allege was operated by Andrews that was involved in the subject accident during the time that you observed it.

5

14.   If Andrews made any statements in your presence, state when, where, and what was said by him.

15.   If any witnesses to the subject accident made any statements to you, or in your presence either at the scene or afterwards, state when, where, and what was said by such witnesses.

16.   State whether you had been drinking any alcoholic beverages, used any drugs, or took any medication within the twenty-four (24) hours preceding the subject accident.

17.   State the names and addresses of all doctors, hospitals, or other medical providers who examined or treated you for any injuries you claim to have sustained in the accident made the subject of this lawsuit. Please also provide a calculation of such expenses incurred for treatment by those providers listed.

18.   Please state whether you have received any payment or settlement from any other party or on behalf of any other party including but not limited to health insurance companies involved in the subject accident. If you have received such payment or settlement, please identify the source, amount and date of payment.

19.   If you have ever had injuries in the same areas of your body as you contend were injured in this accident, then state the names and addresses of all doctors, hospitals, or other medical provides who have examined or treated you for such injuries.

20.   If any insurance company or any person, firm, or corporation, including but not limited to health insurance companies has paid all or any portion of any expense for medicine, physicians, dentists, nurses, hospitals, or other related care or treatment which you received as a result of the injuries allegedly suffered by you in the accident made the basis of this lawsuit, state the name of the person, firm, or corporation paying such item of expense, which of the items of expense were so

6

paid, and the total amount of the expenses that were paid.

21.  If you have ever made claim or filed suit against any person, firm, or corporation on account of personal injuries sustained by you prior or subsequent to the date of the accident made the basis of this suit, state when, where, and against whom you made said claim or filed said suit.

22.  Have you ever applied for Social Security Disability benefits?  If so, please state:

   (a)    the date of each such application;

   (b)    the location (city) of application;

   ©      the status of the application; and

   (d)    identify any attorney(s) representing you in that matter.

23.  List all damages you claim to have incurred as a result of the allegations in your Complaint and state why you claim the damage occurred, the description of the nature and extent of the damage, the monetary cost of the damage, and any efforts taken to repair, remedy, or mitigate the claimed damage.

24.  Identify each and every person whom you believe has discoverable knowledge of the claims made the basis of this suit.

25.  Identify each person, save counsel, to whom you have spoken about this case, and state when the communication took place and the substance of the communication.

26.  If you have ever been arrested, indicted, plead guilty, or convicted of a criminal offense, please provide the state, county and date of the arrest, indictment plea or conviction and state what the arrest, indictment or conviction was for.

27.  Have you ever filed bankruptcy?  If so, please state the name of the court the bankruptcy was filed in, the case number, the type of bankruptcy filed, the name of the trustee in bankruptcy, the name of the attorney representing you in bankruptcy, and the disposition of the case.

7

28.    Identify each person whom you expect to use as an expert witness in connection

with the trial of this case, and as to each individual also state and identify the

following information:

(a) the subject upon which the individual is expected to testify and the opinions and

conclusions that the individual is expected to provide at trial;

(b) the facts upon which the individual's opinion and conclusions are based;

© summary of the grounds for each of the individual's opinions or conclusions;

(d) each school attended, the dates of attendance, the date of graduation, and the

degrees received;

(e) each employer including the dates of employment, job titles held, and reasons

for leaving that employment;

(f) each honorary society, professional society and/or professional organization to

which the individual belongs or has belonged, and any offices in those organizations

or societies which the individuals has held or holds and the dates each office was

held;

(g) each article or publication that the individual has authored or to which the

individual has contributed;

(h) each judicial or administrative proceeding which the individual has testified in the

last five (5) years or is currently expected to testify;

(I) the identification of each person with whom the individual has communicated in

connection with the case and the substance of the communication;

(j) the identification of all material including without limitation, articles, manuals,

treatises, books, tables, charts, statistical analysis, calculations, notes and

published materials of any nature that the individual reviewed in connection with this

proceeding or which the individual may utilize at the trial; and,

8

(k) the identification of each document created by the individual in connection with this proceeding.

29.    Have you been informed that your answers to these interrogatories are given under oath and may constitute a part of the evidence to be presented at trial?

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce copies of all documents and materials upon which you rely in making each claim against Defendants as stated in your Complaint.

2.    Every photograph or other evidence of damage to your property which you allege was caused by the Andrews.

3.    Every document evidencing or relating to any attempt by you to remedy, mitigate, or correct any of the damages alleged in the Complaint.

4.    All books, records, diaries, journals, calendars, notes, correspondence, or other documents which in any way refer to or relate to any of the claims or allegations set forth in the Complaint.

5.    All documents received by you from any Defendant, or furnished by you to any Defendant, which relate in any way to the allegations in the Complaint.

6.    All documents which evidence, refer, or relate in any way to any formal or informal investigation or inquiry by you or any other person into the matters which form the basis of the Complaint.

7.    All documents which evidence, pertain to, or relate to any statements, affidavits, or conversation of or with any persons which knowledge of the facts made the basis of this case.

8.    Each and every document and photograph which you intend to offer as evidence at

9

the trial of this action.

9.    All documents relating to any bankruptcy filed by you, including petition for bankruptcy and all resulting papers.

10.    Any and all bills, notes, reports or other documents of engineers, reconstructionists, investigators, or other persons employed to inspect or otherwise advise the Plaintiff regarding the subject accident.

11.    Any policies of insurance which may provide coverage to the Plaintiff in this case.

12.    Any evidence of monetary payments or settlements received by the Plaintiff because of the incidents which form the basis of the Complaint.

13.    Any and all documents related to, evidencing, or supporting any claim for lost, past income or wages, lost earning capacity, or lost future income or wages.

14.    Any and all medical bills and expenses related to medical treatment for injuries allegedly resulting from this accident.

15.    Any and all repair estimates or repair bills related to the property damage allegedly involved in the accident made the basis of this suit.

16.    Any and all documents related to the original purchase of the vehicle you were occupying at the time of said accident, including financing agreement and any and all documents evidencing its repossession or foreclosure.

17.    Any and all income tax returns filed by the Plaintiff from 1996 to the present.

18.    Any photographs depicting the accident scene or the vehicles involved.

19.    Any photographs depicting the Plaintiff's injuries or any treatment associated with the subject accident.

20.    All documents which evidence, refer, or relate in any way to any formal or informal investigation or inquiry by you or any other person into the matters which form the basis of the allegations of Count One of your Complaint.

21.    All documents which evidence, pertain to, or relate to any statements, affidavits, or

conversation of or with any persons with knowledge of the facts made the basis of

Count One of your Complaint.


/s/ *Allan Sidney Jones*
ALLAN SIDNEY JONES (JON120)
ELIZABETH J. KANTER (JAC084)
ERIC M. WADE (WAD019)
Attorneys for Electric Insurance Co.

OF COUNSEL:

CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: 205-822-2006
Facsimile: 205-822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 14th day of November, 2007:

Blaine C. Stevens
Strickland & Kendall, LLC
2740 Zelda Road, Suite 500
Montgomery, Alabama 36106


/s/ *Allan Sidney Jones*
Of Counsel

11

# Exhibit 2



**Electric Insurance** company

152 Conant Street, Beverly, MA 01915
1-800-227-2757

# PERSONAL   AUTO   POLICY

### DECLARATIONS

### POLICY NO.

## 6121955A1

September 02, 2000

┌  Named Insured and Mailing Address:

ROBERT F FRITZ
SANDRA FRITZ
1118 E SAUNDERS RD
LOT 215
DOTHAN, AL  36301

$88.23 RETURN PREMIUM RESULTS
FROM THIS AMENDMENT WHICH AFFECTS:
REPLACE CAR

**THIS IS NOT A BILL**

| ENDORSEMENT EFFECTIVE | 09/01/00 | POLICY PERIOD: FROM: 06/13/00   TO: 06/13/01   12:01 A.M. Standard Time |
| --- | --- | --- |

DESCRIPTION OF AUTO(S) OR TRAILERS             PRINCIPAL PLACE OF GARAGING IS

| Co. | use | Model Year | Make | Model | Mfg. Vehicle I.D. Number | Cost | Anti-Theft | Sym | Age | Class | City or Town |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | 1 | 96 | FORD | CONTOUSEDAN | 1FALP6530TK235821 | | N | 8 | | 885220 | DOTHAN |
| 2 | 2 | 00 | CHEVROLET | ASTRO COUPE | 1GNDM19W5YB144802 | | N | 7 | | 885120 | DOTHAN |

COVERAGE IS PROVIDED WHERE A PREMIUM CHARGE AND A LIMIT OF LIABILITY IS SHOWN BELOW FOR THE COVERAGE

COVERAGES-LIMITS OF LIABILITY-IN DOLLARS             "M" MEANS THOUSANDS

| PART A Liability | | PART B Medical Payments | PART C Uninsured Motorist | PART D Damage To Your Auto: | | PART R Transportation Expense Coverage | | PART T Towing & Labor | ENDORSEMENTS | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Bodily Injury | Property Damage | | | Collision | Other than Collision | | | | No Fault | Other |
| Each Person/Accident | Each Accident | Each Person | Each Person/Accident | Actual Cash Value Minus Deductible Below | | Per Day | Max. Loss | Per Dis-ablement | | |
| 50/100 M | 50 M | 500 | 50/100 M | 500 | 500 | 20 | 600 | | | |
| 50/100 M | 50 M | 500 | 50/100 M | 500 | 500 | 20 | 600 | | | |
| PREMIUMS IN DOLLARS | | | | | | | | | | |
| 79. | 55. | 8. | 61. | 201. | 64. | INCL. | | | | |
| 70. | 48. | 6. | 61. | 168. | 51. | INCL. | | | | |

| | PAY PLAN | TOTAL ANNUAL PREMIUM | 872.00 |
| --- | --- | --- | --- |
| | | AMENDED ANNUAL PREMIUM | |

CREDITS APPLIED: SAFE DRIVER, MULTI CAR, PASSIVE RESTRAINT

OTHER ENDORSEMENTS MADE PART OF THIS POLICY AT TIME OF ISSUE

PP00010698,PP01871093,PP03260694,PP04311198,PP04841289,PP03190886

PAGE 1 OF 2
Rev. Date 05/90

AUTO    DEC   AL  5121955A1   500  09/02/00   06/13/00   06/13/01   09/01/00  FRITZ



**Electric Insurance**
company

PERSONAL AUTO POLICY

DECLARATIONS
continued

ROBERT F FRITZ
SANDRA FRITZ
1118 E SAUNDERS RD
LOT 215
DOTHAN, AL 36301

POLICY NO.
6121955A1

ENDORSEMENT EFFECTIVE    09/01/00    POLICY PERIOD: FROM:06/13/00    TO:06/13/01    12:01 A.M. STANDARD TIME

LOSS PAYEE (NAME AND ADDRESS): APPLICABLE    TO PART D.   SEE REVERSE FOR LOSS PAYEE CLAUSE.

| AACF CREDIT UNION | PO BOX 8 | DALEVILLE | AL | 36322 |
| FIRSTAR | PO BOX 2846 | OSHKOSH | WI | 54903 |

DRIVER INFORMATION

| # | DRIVER NAME | D.O.B | LICENSE NO. | DATE LIC. | S | M | DT | GS | 100 | CAR |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ROBERT F FRITZ | 4/07/41 | 6512224 | 4/57 | M | Y | N | N | N | 2 |
| 2 | SANDRA FRITZ | 5/01/50 | 651216 | 5/66 | F | Y | N | N | N | 1 |

SURCHARGE INFORMATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COUNTERSIGNED
(where necessary) _____
MALCOM B. MCDONALD

AUTHORIZED
REPRESENTATIVE    *John L Schick*

PAGE 2 OF 2

AUTO    DEC    AL    6121955A1    9/00    09/22/00    06/13/00    06/13/01    09/01/00    FRITZ    Rev. Date 02/91

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001245
Cashier ID: brobinso
Transaction Date: 11/21/2007
Payer Name: CARR ALLISON PUGH ET AL
------------------------------------
CIVIL FILING FEE
 For: CARR ALLISON PUGH ET AL
 Case/Party: D-ALM-1-07-CV-001030-001
 Amount:          $350.00
------------------------------------
CHECK
 Check/Money Order Num: 75588
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

FRITZ V. ELECTRIC INS CO